UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                Criminal No. 2:11-cr-20129

        Plaintiff,

                                Honorable Robert H. Cleland

vs.

D-23, HOWARD JOSEPH QUANT,

        Defendant.

_____/

## **PRELIMINARY ORDER OF FORFEITURE**

A Third Superseding Indictment was filed on or about July 13, 2012, which charged Defendant Howard Joseph Quant ("Defendant") with violating 21 U.S.C. §§ 846, 841(a)(1), and provided notice that the Government sought criminal forfeiture pursuant to 21 U.S.C. § 853.

Pursuant to a Rule 11 Plea Agreement, Defendant pleaded guilty to violating 21 U.S.C. §§ 846, 841(a)(1) as alleged in Count Three of the Third Superseding Indictment and agreed to forfeit to the United States the following items as proceeds of, and/or property involved in, Defendant's violation of 21 U.S.C. §§ 846, 841(a)(1):

        (a)     One gold Devil's Diciples #44 brass plate address book, seized on or about December 11, 2007 (1B Item 708);

        (b)     Devil's Diciples photos, Devil's Diciples patches, and Devil's Diciples wooden plaque with photo, seized on or about

December
11, 2007 (1B Item 709);

(c)     One gold Devil's Diciples #44 brass plate address book, seized on or about December 11, 2007 (1B Item 712);

(d)     Nokia cell phone and charger, Model 5180I, Serial No. DAD6CF93, seized on or about December 11, 2007 (1B Item 715);

(e)     Page Plus cell phone with charger, Model VX4400, seized on or about April 1, 2009 (1B Item 969);

(f)     Kyocera cell phone with charger, model number KX414, seized on or about April 1, 2009 (1B Item 970);

(g)     One Devil's Diciples belt buckle, seized on or about April 1, 2009 (1B Item 972);

(h)     Harrington and Richardson Topper Shotgun, Model 158, S/N: AJ263142, seized on or about December 11, 2007 (1B Item 701);

(i)     22 caliber Winchester magnum rounds, (Remington) 14 misc shotgun shells, seized on or about December 11, 2007 (1B Item 702);

(j)     Various 12 gauge shotgun shells in one box, seized on or about December 11, 2007 (1B Item 703);

(k)     One box of Winchester .38 caliber rounds, seized on or about December 11, 2007 (1B Item 704); and

(l)     One (1) 1994 Harley Davidson, VIN: 1HD4CFM1XRY206275, Lic. Plate: Q276P, seized on or about 11/15/2007 at 5555 Flinchbaugh, Kimball Twp, MI

(hereinafter referred to as the "Subject Property").

Pursuant to 21 U.S.C. § 853 and Fed.R.Crim.P. 32.2, and based upon Defendant's guilty plea to Count Three of the Third Superseding Indictment, the contents of Defendant's Rule 11 Plea Agreement, the Government's Application for Entry of Preliminary Order of Forfeiture, and other information in the record,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**

1. The Subject Property **IS HEREBY FORFEITED** to the United States for disposition in accordance with the law, and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors, or assigns, have or may have in the Subject Property **IS HEREBY AND FOREVER EXTINGUISHED**.

2. Based upon the information and agreements contained in Defendant's Rule 11 Plea Agreement, and other information in the record, there is a sufficient nexus between the Subject Property and Defendant's offense, and therefore, the Subject Property is forfeitable to the United States pursuant to 21 U.S.C. § 853 as property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of Defendant's violation of 21 U.S.C. §§ 846, 841(a)(1), and/or as property used, or intended to be used to commit or to facilitate the commission of Defendant's violation of 21 U.S.C. §§ 846, 841(a)(1).

3. This Order shall become final as to Defendant at the time it is entered.

4. The forfeiture of the Subject Property shall be made part of Defendant's sentence and included in Defendant's Judgment, and this Preliminary Order of Forfeiture shall be incorporated by reference in the Judgment.

5. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

6. Pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct on www.forfeiture.gov for at least thirty (30) consecutive days.  Said notice shall direct that any person, other than the Defendant, asserting a legal interest in the Subject Property, may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property.  Pursuant to 21 U.S.C. § 853(n), any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the

petitioner's alleged right, title or interest in the Subject Property, the time
and circumstances of the petitioner's acquisition of the right, title, or interest
in the Subject Property, any additional facts supporting the petitioner's
claim, and the relief sought.  Pursuant to 21 U.S.C. § 853(n), the United
States may also, to the extent practicable, provide direct written notice to
any person or entity known to have an alleged interest in the Subject
Property.

7. The United States is hereby authorized, pursuant to 21 U.S.C. § 853(n) and
Federal Rules of Criminal Procedure 32.2 (c), to conduct any discovery in
the ancillary proceeding in accordance with the Federal Rules of Civil
Procedure upon a showing that such discovery is proper and desirable.

8. Pursuant to 21 U.S.C. § 853(n), following the Court's disposition of any
petitions for ancillary hearing, or, if none, following the expiration of the
period provided in 21 U.S.C. § 853(n) for the filing of third party petitions,
the United States shall have clear title to the Subject Property, all other
interests in the Subject Property shall be FORFEITED to the United States,
this Order shall become the Final Order of Forfeiture as provided by Federal
Rule of Criminal Procedure 32.2(c)(2), and the United States shall be
authorized to dispose of the Subject Property as prescribed by law.

9. The Court retains jurisdiction to enforce this Order, and to amend it as

necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

s/Robert H. Cleland

Dated: January 25, 2016          HONORABLE ROBERT H. CLELAND
                                 United States District Judge